### JOHN McCABE v. JOHN DOE, owner of the Steamship "SARAH SANDS."

The Marine Court has no admiralty jurisdiction.

In an action brought, in the Marine Court, against a party as the owner of a vessel, for services performed therein during a voyage; it was *held*, that the suit was not a proceeding *in rem*, to enforce against the vessel a lien for seamen's wages; and that the plaintiff was not entitled to recover, it appearing that he had no contract with the owners, and that, at the time his services were rendered, they had chartered the vessel to third persons, who undertook its exclusive management without any connection with the owners, except that one of the latter was in their employ, and paid by them as master.

The provision in the Code, (§ 175,) authorizing the plaintiff, when ignorant of the name of a defendant, to designate him by any name, does not apply to the Marine Court.

The statutes relating to the Marine Court do not provide for the commencement of a suit against a party by a fictitious name.

Whether the proceeding by attachment, authorized by the "act to abolish imprisonment," &c., can be maintained, when the debtor's name is unknown; *Dub.*

When the name of a defendant, sued by a fictitious name, becomes known, it should be substituted, and the proceedings be amended in that respect.

Accordingly, where the defendant appeared, disclosed his name, and defended the suit, a judgment against "John Doe," as named in the process, was set aside and declared erroneous.

The defendant, so appearing and defending the suit, has a right of appeal in his true name, although the judgment be not nominally against him.

If a proceeding by attachment can in any case be maintained against a person by a fictitious name, it must appear on the trial that the property attached belonged to the person charged as defendant under the fictitious name.

Where a person appears and defends the suit, claiming to be owner of the attached property, the plaintiff, not having denied the ownership in the court below, cannot, on appeal, object that such person was not the owner, for the purpose of disputing his right of appeal.

THIS suit was commenced by attachment, in the Marine Court, to recover wages earned by the plaintiff on board the steamship "Sarah Sands," on a voyage from San Francisco to Panama. The process was entitled against "John Doe,"

owner, &c. The vessel was attached, but the grounds upon which the court below issued the writ, or what facts were shown to bring the case within the statute authorizing this form of proceeding, are not disclosed in the papers produced on the appeal.

In April, 1852, on the return day of the process, the plaintiff appeared by attorney, and averred a breach of contract, on the part of the owner of the vessel, to pay the plaintiff's wages as cook and steward.

Captain Wm. C. Thompson appeared by attorney as defendant, claiming ownership of the vessel, and pleaded a general denial and a settlement, effected, as he alleged, through the intervention of a British consul. On his application and by consent, a commission was then issued to take the testimony of witnesses in California, and Justice Lynch, in the court below, directed a long adjournment.

On the 20th of August ensuing, the cause was tried before Justice Cowles, the parties submitting several written depositions.

At the request of the attorney for Captain Thompson, the plaintiff had stipulated to furnish the real name of the defendant in the suit before the adjourned day. This does not seem to have been done, except that the testimony showed Thompson and one Oddie to have been the owners of the vessel at and before the time of the voyage. She was chartered by other parties, who had transferred their interest to the Pacific Mail Steamship Company. The steamer was under the exclusive control of this company when the plaintiff was engaged. No contract was made by him with the owners, who had no connection with the voyage, except that Thompson was in the company's employment as master of the vessel.

Thompson's allegation of ownership, made in his plea, was not controverted on the trial.

Judgment was rendered in the Marine Court, in favor of the plaintiff. An appeal was taken by Thompson to this court. The return was accompanied with an affidavit of the

plaintiff, stating, among other things, that he had never sued Wm. C. Thompson, and did not intend to sue him, nor was he a party to the cause, but a stranger thereto.

All the papers and proceedings, of which return was made to this court, were entitled like the original process, with no amendment or substitution in respect of the names of parties in suit.

*George F. Betts* and *Charles Donohue*, for the appellant.

*Alanson Nash*, for the respondent.

DALY, J.—The proceedings upon which the attachment was granted have not been returned; and it is impossible for us to say whether it was properly granted or not.

The informal manner in which the case is presented, upon written depositions, and the insufficient statement of what took place before Justice Lynch, down to the period when the case was submitted to Justice Cowles, render it impossible to know whether some of the objections of the appellant are well founded or not. All that appears is, that the parties joined issue upon a claim for services earned by the plaintiff as cook on board the steamer Sarah Sands, in the harbor of San Francisco, on a voyage from thence to Panama, and *under a contract to go said voyage* at the rate of $150 per month. The action was brought against the defendant by a fictitious name, and the vessel sailed under the attachment.

When the name of the owner or owners was ascertained, the proceeding should have been amended by inserting the true name of the party or parties defendant. (Code, § 175.) The plaintiff stipulated to furnish the real name of the owners by the 7th of August, and it was disclosed by the deposition submitted to the justice. The justice should have amended the proceedings by inserting the name of the real owner, which it appears he has not done, but has rendered judgment against John Doe, owner, &c. That is, he returns that he rendered judgment for the plaintiff for $84 and costs, and

entitles his return *McCabe, assignee, &c.*, agst. *John Doe, owner, &c.* The owners of the steamship were Thompson and Oddie, as appeared by Howard's deposition. They owned her in 1849, after which time she was victualled and manned and under the control of Howard & Son, who afterwards transferred their interest to the Pacific Mail Steamship Company, whose names are disclosed in the deposition. She appears to have been chartered by these parties to carry passengers and freight to Panama, San Francisco and Liverpool. She was commanded by Thompson until 1850, who was paid by the charterers; and they had the entire control of her when the services were rendered by the plaintiff for which the action was brought. To maintain the action against the owners, it must appear that there was a contract on their part to pay the plaintiff, either expressed or implied.

This is not a proceeding *in rem* to enforce against the vessel the lien of a seaman for his wages. The Marine Court has no admiralty jurisdiction. To sustain the action, the plaintiff was bound to show a contract with the owners, and nothing of the kind was shown. No contract on their part could be implied to pay for his services, when they had nothing to do with manning the vessel, nor any control of her, whatever, during the period that the plaintiff acted as cook on board of her. She was in the use and subject to the exclusive control and direction of the charterers. The joint owner, Thompson, was in their employ, and paid by them for his services as master. It was with the charterers, therefore, that the plaintiff's contract existed, and to them he must look. A contract on their part to pay for his services may be implied, but none on the part of the former or present owners of the vessel. Who the present owners are, does not appear from any thing contained in the return, and it is wholly immaterial. The plaintiff's claim is against the owners at the time he was employed on board the vessel; and at that time the vessel was in the hands of charterers having the exclusive use, control and direction of her. She was in the service of the charterers. The owners, Thompson

and Oddie, had surrendered all control and direction over her to them. They made no contract to employ the plaintiff as cook, and unless such a contract can be implied, they are not liable *in personam* for the plaintiff's wages.

It is difficult to conceive upon what grounds an attachment could have been issued in the case at all. To authorize the commencement of the suit, it must have been established that a debt was due to the plaintiff by a person whose name was unknown to him, and that that person was about to remove his property from this country, *with intent to defraud his creditors*, or had assigned, disposed of, or secreted it, or was about to do so, with the like intent. (See § 34 of the act to abolish imprisonment for debt.) Against this defendant, by the fictitious name of John Doe, the plaintiff commenced his suit, and obtained a warrant of attachment, attached the vessel, and has obtained a judgment, under which he would be entitled to issue execution against the property attached. Now there is nothing upon the record to show against whom, in fact, his suit is brought. He might, upon the proof submitted, have obtained a judgment against the members of the Pacific Steamship Company, if he had commenced a suit by attachment against their property and given them notice. It must appear by the judgment, or by the proof upon which it is obtained, that there is some person indebted to him, and he must have attached the property of that person, and taken the steps required by the statute to give him notice of the proceedings against him. Who is that person here? The one to whom the property attached belongs. There is nothing in the case to show to whom the vessel at present belongs, or whether the judgment is rendered against the owner or owners of the vessel or not. If Thompson and Oddie had been inserted in the record as defendants, and the judgment rendered against them, we would have been able to say whether the evidence established a contract on their part against the defendants. The John Doe against whom the judgment is rendered must, if there is any validity in the judgment, represent somebody who

made a contract with the plaintiff, or who is liable to him upon a contract. Now, who does he represent? When we look into the return, we find sufficient evidence to sustain the action against the Pacific Mail Steamship Company. But they are not the parties proceeded against; their property has not been attached. The present owner or owners of the vessel, whoever they may be, are the parties to be affected by the execution to be issued against John Doe; and there is nothing in the case to show who they are, or that they, or any one for them, entered into any contract with the plaintiff. The judgment should, therefore, be reversed, and all proceedings upon the attachment discharged.

INGRAHAM, FIRST J.—The provisions of the Code, sec. 175, do not apply to the Marine Court, nor is there any thing in the statute as to that court allowing a suit to be brought against a person by a fictitious name. The act to abolish imprisonment, &c., authorizing a proceeding by attachment, makes no provision for cases where the debtor's name is unknown, and the proceeding being a statutory one, I very much doubt whether it can, in any event, be sustained against a person under a fictitious name.

The action is to be commenced by an attachment, which is issued on proof to the court that the defendant is a non-resident and is indebted to the plaintiff. How can it be proven that the debtor is a non-resident, without knowing who he is? So, also, the attachment is to be served upon the property of the debtor, and unless so served the owner is not proceeded against legally.

There is, also, a fatal error in the proceeding in not inserting the name of the defendant when he appeared. A *judgment* v. *John Doe*, when a defendant appears in the court and makes a defence, is a nullity and must be set aside.

There can be no doubt that a person who appears and defends the action in the court below has a right to appeal. If there is a recovery in the court below, it should have been against such defendant, and not John Doe.

Where a proceeding is commenced by attachment against a person by a fictitious name, if such a proceeding can in any case be sanctioned, it should appear on the trial that the property attached belonged to the person charged as defendant under the fictitious name, otherwise there is no evidence of any one having been notified to appear and defend the suit; and where a person claiming to be the owner of the attached property appears and defends, he is the only person who can be made defendant. If the plaintiff does not deny his ownership of the property on the trial, he cannot object to it afterwards on appeal.

It appears to me that this proceeding, throughout, is erroneous, and in no view can it be sustained.

Judgment reversed, and attachment discharged.